GEORGE McCULLUM

*v.*

NATHAN P. HERRINGTON *et al.*

LEGAL TITLE—*when it must yield to an equity.* Where a person holds a promissory note as assignee thereof, before a court can properly divest him of his legal title, at the instance of one claiming a superior equity in the note, the proof should be very satisfactory that the latter has such superior equity.

APPEAL from the Circuit Court of Mason county; the Hon. JAMES HARRIOT, Judge, presiding.

The facts sufficiently appear in the opinion.

Mr. B. F. PARKS and Mr. B. S. PRETTYMAN, for the appellant.

Mr. C. BECKWITH, Mr. A. M. HERRINGTON, and Messrs. DEARBORN & WRIGHT, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Ithemer and George F. Hickman executed to Dearborn, on the 29th of October, 1857, their three promissory notes, falling due in 1859, 1860 and 1861, respectively, and secured by a

deed of trust. The first and third notes came by assignment to Nathan P. Herrington, the appellee, and the second, after several assignments, was endorsed before maturity, and for a valuable consideration, to McCullum, the appellant. The notes not being paid, the trustee, at the request of Herrington, sold the land at auction. It was struck off to Herrington, and the trustee received no money, but applied the bid in extinguishment of the notes held by Herrington, whose bid equalled their amount. Thereupon, McCullum filed a bill, claiming that the second note held by him should have been paid, in preference to the one last falling due, and asking either that Herrington should pay his note, or submit to another sale of the land. Herrington thereupon filed a cross-bill, alleging that the second note had been assigned to McCullum, instead of the third, by mistake, and that it was the intention of all the parties concerned, to assign the first and second notes to himself. The cross-bill prayed a decree correcting the alleged mistake, and declaring Herrington the owner of the first and second notes, and McCullum the owner of the third. The circuit court so decreed, and McCullum appealed.

Was the proof sufficient in support of the cross-bill to entitle the complainant in that bill to a decree? The circuit court so held, but in this view we are not able to concur.

It is to be first remarked, that McCullum has the clear legal title to this note, arising from its endorsement and delivery to him for a valuable consideration. Before a court can properly divest him of his title, the proof should be very satisfactory that he holds it in violation of a superior equity in complainant. Thaddeus W. Herrington, a brother of the complainant in the cross-bill, assigned this note to McCullum, and he testifies, with great positiveness, that it was distinctly understood he was buying the second note. On the other hand, Moore, who had held all the notes, and who assigned two of them to N. P. Herrington, and one to Thaddeus Herrington, testifies he sold to the latter the note last falling due. Here, then, is the testimony of the only persons who had any personal knowledge

of the transaction, directly and positively conflicting. The evidence of Moore is, however, in some degree corroborated by other witnesses, but to what extent it is not necessary to inquire, inasmuch as the evidence, whatever it may be, in regard to Thaddeus Herrington, is insufficient as against McCullum. The second note was the only one held by Thaddeus Herrington when he sold and endorsed it to McCullum. The other two notes had been previously sold by Moore to N. P. Herrington. The note, then, which McCullum really bought must have been the one which Thaddeus Herrington held. There is some evidence tending to show that he supposed it was the last note in the series secured by the deed of trust. But suppose he did. He did not the less buy this particular note, and none other, and he did not become the less its owner because it turned out to be better secured than he may have supposed. He bought a note for $2,000, maturing in 1860, and it was duly assigned to him, and why he should be compelled to exchange it with N. P. Herrington for another note maturing a year later, we are at a loss to conceive. He certainly did not buy this other note, and he certainly did buy the one he received, for that was the only one his vendor had. He took it with its attendant security, whether more or less, and though it is better in that respect than he supposed, yet he has not gained this advantage through any fraud or wrong. There is no mistake to be rectified, for McCullum received the identical note he bought. N. P. Herrington may have previously made a mistake, in taking the third note instead of the second, but we cannot rectify that error at the expense of McCullum, by compelling the latter to exchange a note he did buy for one he did not buy, and which, so far as appears, he never saw. If N. P. Herrington and McCullum had purchased their notes at the same time, and from the same person, and there had been a mistake in the delivery, chancery would correct it on proper proof. But in this case, Herrington bought two notes from Moore, and at another time McCullum bought another note from another person. There was not the slightest connection between the two transactions. Herrington may

have been so careless as not to procure the notes he intended to buy, but certainly McCullum did receive the very note he bought, and why should he be compelled to surrender his property to Herrington, because of the latter's mistake? The counsel for appellee assume, if McCullum supposed the note he was buying was the last in the series secured by the mortgage, that he must, therefore, be considered as having bought the last note. But this is an error. He did not the less buy the note that was endorsed to him, and which was the only one his vendor had, because he may have supposed there were two notes instead of one having precedence in the security. Whatever its position in regard to security, 'the note became his by the purchase and endorsement, and he is entitled to retain it, and claim the benefit of whatever security pertains to it. The pretended equity here is far too shadowy to justify us in overturning a legal right. It amounts to little more than this, that McCullum's purchase is more valuable than he supposed, and Herrington's is less so, and, therefore, the former shall be compelled to surrender to the latter a portion of what he had acquired, though the parties, so far as related to this transaction, were entire strangers to each other.

The cross-bill should have been dismissed, and the court should have given to McCullum whatever rights attached to his position as holder of the second note.

The decree is reversed and the cause remanded.

*Decree reversed.*