## Nathan P. Herrington *et al.*

*v.*

## George McCollum.

1. Trust deed—*notes secured by, to be paid according to priority of maturity.* Where several promissory notes, maturing at different times, are secured by deed of trust, they are entitled to satisfaction out of the security according to the priority of their maturity.

2. Practice—*when objection that cause was reinstated without notice is waived.* Where a cause, which had been dismissed, was reinstated, and the parties appeared at all subsequent proceedings, and followed the case to the

Supreme Court, and made no objection that the case was reinstated without notice until after the case was remanded from the Supreme Court, it was *held*, the right to raise that objection was waived.

3. PAROL EVIDENCE—*to impeach a record.* Where a record, the existence of which is not disputed, is offered in evidence, all questions relating to the time when it was in fact made, on what authority made, and whether its recitals are true or not, must be settled by reference to it alone, and parol evidence is not admissible to impeach it.

4. LIS PENDENS—*not applicable to purchaser intervening dismissal and revival of a suit.* Where a suit at law is dismissed, or the plaintiff suffers a non-suit, or, if in chancery, the bill is dismissed for want of prosecution, or for any other cause not on the merits, although in all such cases a new action could be brought, it could not affect the purchaser during the pendency of the first suit; and where a suit is dismissed and afterwards reinstated, the doctrine of *lis pendens* is not applicable to one who purchases after the dismissal and before the revival of the suit.

5. NOTICE—*when client not chargeable with notice of facts known to his attorney.* A party is not chargeable with notice of facts within the knowledge of his attorney, of which the latter acquired knowledge while acting as the attorney of another person.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Messrs. LACEY & WALLACE, and Messrs. DEARBORN & CAMPBELL, for the appellants.

Mr. B. F. PARKS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case was here at the September term, 1869, and will be found reported under the name of *McCullum* v. *Herrington et al.* 50 Ill. 362, where a sufficient statement of the facts, as they then appeared, is given. After the case was remanded pursuant to the judgment of this court, N. P. Herrington, by amendment to his answer and cross-bill, set up that "A. B. Moore, then being the owner and holder of all three of the notes secured by the deed of trust, for a valuable consideration, contracted and agreed with the respondent to assign and transfer to him two of the said notes, and that the said trust notes should have a prior lien on the land secured by the said

trust deed, to the third note, which the said Moore was to retain; that the said two notes so agreed to be assigned to the respondent should be entitled to payment out of the lands in the deed of trust mentioned, before the note which was to be retained by the said A. B. Moore." He, also, further, therein alleged that the notes were transferred in conformity with this agreement; that the note retained by Moore was subsequently transferred to T. W. Herrington, and was then by him transferred to the complainant, both of whom received the note with full knowledge of, and subject to, the agreement between Moore and N. P. Herrington.

Additional evidence was heard, chiefly that of N. P. Herrington and the complainant, McCollum, who were not competent witnesses, under the statute, until after the previous hearing.

We are unable to see that the additional evidence is so decidedly in favor of the defendants, on this point, as to justify a different conclusion from that before announced. Like the original evidence, it is conflicting, and it does not present the case in a different light. The case, as made by the evidence for these defendants, even when considered by itself, is unlike that of *Walker* v. *Dement,* 42 Ill. 272. There, it was agreed that certain notes should have prior satisfaction out of the mort gage security, which was different from the order in which they would otherwise have been entitled to satisfaction. Here, the agreement claimed was, that the two notes first maturing were to be assigned to N. P. Herrington, and which would, without any agreement, on the authority of *Vansant* v. *Allmon,* 23 Ill. 30, *Funk* v. *McReynolds, Admr.* 33 id. 481, and *Gardner* v. *Diedrichs,* 41 id. 158, have been entitled to satisfaction out of the mortgage security according to the priority of their maturity. There is no evidence that the third, or last note, was to be satisfied before the second; but the whole tendency of the evidence is, that the first and second, and not the first and third notes, as they were assigned, were to have. been assigned by Moore to N. P. Herrington, thus presenting the single inquiry, is the evidence sufficient to authorize the

correction of this alleged mistake? What was before said as to the effect of the evidence in that respect, needs no amplification.

Another point argued, affecting the original defendants, is, that the complainant's bill was dismissed in 1863, for want of answer to the defendants' cross-bill, and the case was reinstated on the docket in 1865, without notice to them. This objection has been waived, and can not now be insisted on.

The record shows, at the March term, 1865, leave was given complainant's solicitor until the first day of the following June to answer the defendants' cross-bill. At the October term, 1865, the complainant in the cross-bill appeared, and took a decree *pro confesso* against the defendant in the cross-bill. At the same term, on the motion of the defendant in the cross-bill, this decree was set aside, and his answer filed. On the 9th of November, 1865, defendant N. P. Herrington filed his replication to the answer to the cross-bill. At the June term, 1866, the defendant N. P. Herrington, by his attorney, moved the court for leave to make his co-defendant, Blanchard, a witness, and, at a subsequent day of the same term, he moved to suppress certain depositions.

At the November term, 1866, " the parties in the suit appeared," and decree was rendered in favor of the defendants. From that decree the first appeal was taken to this court, where the defendants were represented by counsel.

The record fails, entirely, to show that the objection now made was urged until after the cause was remanded.

The court, unquestionably, had jurisdiction of the subject matter of litigation; and it has never been questioned that parties may so far control jurisdiction over their own persons, in such a case, as to confer upon the court the right to proceed, by voluntarily entering an appearance. The defendants, to avail of the right to question the jurisdiction of the court when the case was reinstated, should either have not appeared at all, or limited their appearance to the objection against the jurisdiction of the court.

The amended answers and cross-bill, filed subsequent to the

480        HERRINGTON *et al.* *v.* McCOLLUM.        [Sept. T.

Opinion of the Court.

remanding of the cause, disclosed that, on the 25th day of April, 1863, N. P. Herrington sold the property which he had purchased at the trustee's sale, to John F. Havighorst, and ·conveyed the same to him by warranty deed, and that, on the 26th day of January, 1864, Havighorst sold the same property to John H. Kramer, and conveyed to him by warranty deed.

Complainant, thereupon, amended his bill, noticing these conveyances, charging that Havighorst and Kramer were purchasers, pending the litigation, and that they had both actual and constructive notice of his rights, and praying that they be made defendants, etc.

Separate answers were filed by these defendants, each therein averring that he had purchased for a full valuable consideration, paid at the time for the property—that of Havighorst being $3200 and that of Kramer $3600—without any notice, actual or constructive, of the rights claimed by the complainant.

The court below held that they were purchasers with notice, and decreed accordingly. The examination we have made of the evidence preserved in the record, has led us to a different conclusion.

Havighorst swears that he purchased the property and paid the consideration therefor, $3200, in good faith; that before purchasing he examined the records as far as he could, and employed counsel to aid him therein, and became satisfied everything was right; that he took immediate possession of the land after his purchase, paid the taxes thereon and received the rents thereof until he sold to Kramer. When he purchased, N. P. Herrington was in possession. When he examined the records, he did not find anything, except that there had been a suit—probably the same suit as the present—which had been dismissed, and that he did not see anything on the docket until two years afterwards, although he had frequent occasion to examine it.

The record shows, that on the 5th day of March, 1863, this order was made in the cause: " This day comes the respondent, by Walker and Dearborn, his sols., and, on their motion,

the court doth order, that the complainant's bill herein be dismissed for want of answer to said respondent's cross-bill, heretofore filed in this cause, and to which complainant was required to make answer at the present term of this court; and it is further ordered, that defendant recover of complainant his costs by him in this behalf expended, and that he have execution therefor."

No further order appears in the record, and no motion was made in the case until the 13th of March, 1865, when B. F. Prettyman, solicitor for the complainant, filed his affidavit therein, for the purpose of having the order of dismissal set aside, in which he states his reasons for not having given the case more prompt and vigilant attention.

There is also parol evidence, of a negative character, that the case was not upon the docket between the 5th day of March, 1863, and the 13th day of March, 1865.

We have been unable to discover any evidence tending to impeach that given by Havighorst. The circumstances insisted upon by counsel as tending to that result, are: Havighorst was sheriff from 1862 to 1864, circuit clerk from 1864 to 1868, and deputy circuit clerk for two years, at some period, not definitely mentioned, prior to his election as sheriff; that the order of dismissal was improperly entered of record, subsequent to the reversal of the former decree by this court, and that the counsel employed by Havighorst in examining the records was previously employed by N. P. Herrington in defending the case, and therefore had knowledge of complainant's rights, by which knowledge Havighorst must also be affected.

The official positions held by Havighorst afforded him an opportunity to know that the litigation was pending, and what the records showed in relation to it. But his official duties were not concerned with the merits of the litigation, and there is no evidence that he had any information on that subject. It may be said, too, that by being in possession of these offices he had opportunity to mutilate or fabricate records; but the simple fact does not raise a presumption, much less is it con-

clusive proof that he did mutilate or fabricate a record relating to the case.

The evidence to impeach the record showing the dismissal, was not properly admitted. The record imports verity, and can not be contradicted by parol. If the order was improperly entered, application should have been made to the court to correct its record, and, when properly corrected, it would have been conclusive evidence of what had been done by the court. If the question had been, whether what purported to be a record was a record or not, a question proper for the consideration of the court would have been presented; but the existence of a record not being in dispute, all questions relating to the time when it was, in fact, made, on what authority made, and whether its recitals were true or not, should, when it was offered as an instrument of evidence, have been settled by reference to it alone.

There are two sufficient answers to the suggestion that Havighorst must be held to be affected by the knowledge of his counsel with regard to complainant's rights: 1st. When the bill was dismissed, the suit was legally terminated; and it does not appear that he knew that it would be renewed. 2d. What information he had in regard to complainant's rights, he received while acting as the attorney of N. P. Herrington, and before his employment by Havighorst. The law, as held by this court, is, a party can not be charged with notice of facts within the knowledge of his attorney, of which the latter acquired knowledge while acting as the attorney of another person. *McCormick* v. *Wheeler et al.* 36 Ill. 116.

Kramer's evidence is, that he purchased the land, in good faith, of Havighorst, on the 26th day of January, 1864, and paid him $3600 therefor; that Havighorst was in possession of the land when he bought; that he took immediate possession after his purchase, and has ever since been in possession, receiving the rents and paying the taxes on the land; that before he purchased, he procured the county clerk to examine the records in regard to the title, who did so, and reported to him that it was good; that he supposed it was all right, and

would not have purchased if he had known there was anything "on the land." No attempt is made to contradict him, or to question his integrity. No suit was pending when he bought, nor for more than one year afterwards.

It can not be said, the doctrine of *lis pendens* is applicable either to Havighorst or Kramer. The law is thus stated in Freeman on Judgments, § 203: "If a suit were not prosecuted with effect, as, if, at law, it were discontinued, or the plaintiff suffered non-suit; or, if, in chancery, the suit were dismissed, for want of prosecution, or for any other cause, not on the merits; or, if, at law, or in chancery, any suit abated; although in all such cases a new action could be brought, it could not affect a purchaser during the pendency of the first suit." And this is sustained by *Newman* v. *Chapman*, 2 Rand. 93; *Watson* v. *Wilson*, 2 Dana, 408; *Herrington* v. *Herrington*, 27 Mo. 560. Still less could a purchaser, after the dismissal and before the revival of the suit in such cases, be affected. See *Price* v. *White*, 1 Bailey's Equity, 234; *Blake* v. *Heyward*, id. 208; *Turner* v. *Crebill*, 1 Ohio, 373. If the order dismissing the suit had expressed that it was "without prejudice," a different rule might obtain, although even that is questioned by respectable authority, *Clarkson* v. *Morgan*, 6 B. Monroe, 441; but the record does not present that question, and it is unnecessary to express any opinion on it.

Aside from the entry of the order of dismissal, we are of opinion that complainant was guilty of such *laches*, in omitting to keep his suit docketed, and prosecuting it continuously, as would preclude him from recovering against Havighorst and Kramer, they being *bona fide* purchasers and having no actual notice of his rights.

The rule is said to be, that to affect purchasers, there must be a close and continuous prosecution of the suit; the exercise of a reasonable diligence, unaccompanied with any gross slips or irregularities, by which injury could accrue to the rights of third parties. *Preston* v. *Tubbin*, 1 Verm. 286; *Clarkson* v. *Morgan, supra; Watson* v. *Wilson, supra; Gibler* v. *Trimble*,

14 Ohio, 323; *Trimble* v. *Boothby*, id. 109; *Ehrman* v. *Kendrick*, 1 Metcalf (Ky.) 146.

If to permit a case to remain off docket for two entire years, during four regular terms of court, without making any effort to reinstate it, and have a hearing, can be called the exercise of reasonable diligence, or, indeed, any degree of diligence whatever, it would be difficult to determine what might be regarded as *laches* in the prosecution of a suit.

Entertaining these views, we can but hold that it was erroneous to decree a sale of the lands for the payment of the claim of complainant. Kramer is entitled to hold them, disencumbered of any lien on account of the deed of trust executed by the Hickmans to Blanchard as trustee, there being no vital irregularity appearing of record in regard to the sale and conveyance by Blanchard to Herrington.

The decree is reversed and the cause remanded.

*Decree reversed.*