HENRY WILLETTS

v.

CHRISTOPHER COTHERSON.

1. NEW PROMISE AFTER DISCHARGE IN BANKRUPTCY—SUFFICIENCY.— A different rule prevails as to the revival of a debt discharged by bankruptcy, and one barred by the Statute of Limitations. In the former case, the promise to pay must be shown to be clear, distinct, unequivocal and express. Neither payment of interest, nor part payment of principal, nor declaration of intention to pay, will suffice.

Willetts v. Cotherson.

2. PART PAYMENT AS EVIDENCE.—The fact of part payment would be admissible for the purpose of identifying the debt in reference to which an express promise to pay, otherwise of uncertain application, might be proved, but not as tending of itself to prove a sufficient promise to pay the balance.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. JAMES S. MURRAY, for appellant; that the promise must be express, direct and unequivocal, cited Allen v. Ferguson, 18 Wall. 3; Fraley v. Kelly, 67 N. C. 78; Stern v. Nursbaum, 47 How. Pr. 489; Yoxtheimer v. Keyser, 11 Pa. St. 364; Merrian v. Bayley, 1 Cush. 77; Porter's Adm'r v. Porter, 31 Me. 169; Stewart v. Reckars, 24 N. J. L. 427.

Mr. WALLACE L. DEWOLF, for appellee; that a new promise after discharge in bankruptcy will revive the debt, cited Classen v. Schœnemann, 80 Ill. 304; Allen v. Ferguson, 18 Wall, 1; Hilliard on Bankruptcy, 264.

PLEASANTS, J.    This was an action originally brought before a justice of the peace to recover a balance remaining due upon a promissory note.    Appellant, who was defendant below, by his assignment of errors questions the action of the Circuit Court in admitting the fact of part payment after his discharge in bankruptcy as evidence to prove a new promise sufficient to avoid the bar of such discharge, and in giving and refusing instructions.

His petition in bankruptcy was filed June 26, 1875, after the note had become due, and his discharge recites a composition with his creditors on the basis of fifteen per centum, and discharges him from the payment of the debts therein mentioned, among which was the one in question.

On the 4th of January, 1876, he paid appellee $25 of the amount due under the composition, leaving a balance of about $15, and on the 11th of May following let him have a horse, estimated at $100, to apply on the note, but said nothing at that time about paying any more.

Appellee testified that appellant repeatedly after he went

into bankruptcy said he would pay him " all that was coming to him "—" every cent that he owed him," but never when the note was present, and that appellant owed him other money besides that mentioned in the note.    He was not definite as to the time, place, or particular conversation, nor did he state any in what purported to be /the language of appellee, or more distinctly referring to the note.    Another witness stated that at the request of appellee he went to appellant and asked for the money for him, but did not present the note, and that appellant said:    " I have no money here, but come down next week and I will settle with you."

On the other hand, appellant testified that he never at any time after his discharge promised to pay the balance remaining on the note, but always said it was impossible.

The sufficiency of this evidence to support a finding of a reviving promise which would avoid the bar of the statute of limitations might be conceded, and yet well doubted as to the bar of a discharge in bankruptcy.    We think it would be insufficient unless the finding was under proper instruction as to the law, which distinguishes the two cases in respect to the kind and measure of proof required.    In the former it has been held that the promise may be implied from a part payment, or any declaration or other act recognizing its present existence; while in the latter it cannot, but must be shown to have been clear, distinct, unequivocal and express.    Neither payment of interest, nor part payment of principal, nor declaration of intention to pay, will suffice.    Allen v. Ferguson, 18 Wall. 3, and the cases there cited.

The Circuit Court refused all of the instructions asked by the defendant which declared this distinction, and gave one for the plaintiff that the jury might properly take into consideration, the fact of part payment after his discharge in bankruptcy, if proved, together with the other evidence in the case, in deciding whether the defendant promised to pay the balance of said debt at any time after such discharge.

We are inclined to think that this was error, that the fact of part payment would be admissible for the purpose of identifying the debt in reference to which an express promise to

pay, otherwise of uncertain application, might be proved, but not as tending of itself to prove a sufficient promise to pay the balance; and that defendant was entitled to have the jury pass upon the evidence, with the distinct understanding that the law required an express and unequivocal promise. If the promis " to settle," which is not equivalent to a promise to pay, and the circumstance of part payment, had been excluded from the scales, it is uncertain on which side the evidence would have preponderated in the minds of the jurors. The judgment having been entered for plaintiff upon a verdict for $171.75, which the court refused to set aside, it is for the reasons above stated reversed, and the cause remanded.

Reversed and remanded.