## Henry Schafer, Adm'r, v. Grace J. Moe.

1. JURISDICTION—*Waiver of Objections to.*—Where a cause which has been dismissed is reinstated, a person who appears and takes part in the trial by cross-examining witnesses and by calling witnesses in his own behalf can not be heard to question the jurisdiction of the trial court on appeal. Objections to jurisdiction, whether made by plea or otherwise, must be persisted in, and solely relied on, in order to be available.

2. PRACTICE—*What a Bill of Exceptions Should Show.*—The bill of exceptions in this case contains no instructions and does not show that a motion for a new trial was made, and hence this court can not consider alleged errors relating to instructions.

**Replevin.**—Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed October 11, 1897.

J. W. RICHEY, attorney for appellant.

M. W. ROBINSON, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This is an action of replevin by appellee against appellant's intestate, Christian Erickson, and James H. Gilbert, formerly sheriff of this county, before a justice of the peace. Appellee recovered judgment before the justice, and the case was appealed to the Superior Court, where appellee, December 22, 1894, in a trial before the court and jury, again recovered judgment; and appellant appealed to this court.

Schafer v. Moe.

It appears from the record that, February 16, 1893, a transcript from the justice was filed in the cause; that at the March term, 1893, the appellee, by her attorney, filed her appearance, and that July 6, 1893, at the July term of the court, the case was called for trial, and appellee not appearing, the suit was dismissed at her costs for want of prosecution. No motion to set aside or vacate the judgment of dismissal was made until April 18, 1894, at the April term of the court. The court granted the motion, and April 18, 1894, vacated the judgment and reinstated the cause, and appellant excepted.

The appellant assigns as error the setting aside, April 18, 1894, the judgment of July 6, 1893, on the ground that the court had no jurisdiction so to do, and that consequently the court had no jurisdiction, as counsel contends, to try the cause and render judgment. The court had jurisdiction of the subject-matter. Appellee, the plaintiff in the cause, had entered her appearance in March, 1893; the appellants, defendants in the lower court, appeared when the case was called for trial, December 22, 1894, and objected to the trial, but nevertheless participated in it by cross-examining appellee's witnesses and calling and examining witnesses for the defense. In other words, they defended on the merits. This was a waiver of all objection to the jurisdiction of the court. Such objection, whether made by plea or otherwise, must be persisted in and solely relied on, in order to be available.

As said by the court in Herrington et al. v. McCollum, 73 Ill. 476, " The court unquestionably had jurisdiction of the subject-matter of litigation, and it has never been questioned that parties may so far control jurisdiction over their own persons, in such a case, as to confer upon the court the right to proceed, by voluntarily entering an appearance. The defendants, to avail of the right to question the jurisdiction of the court when the case was reinstated, should either have not appeared at all, or limited their appearance to the objection against the jurisdiction of the court." See also Prall v. Hunt et al., 41 Ill. App. 140;

Nat. Un. Bldg. Ass'n v. Brewer, Ib. 223; Schmohl v. Fiddick, 34 Ill. App. 190.

Appellant's counsel complains, in his argument, of the giving of an instruction for the appellee, and the refusal of an instruction asked by appellant, and of certain rulings of the court on the evidence.

The bill of exceptions contains no instruction, nor does it show that a motion for a new trial was made; the court, therefore, can not consider appellant's objections. East St. L. Elec. R. R. Co. v. Cauley, 148 Ill. 490.

Judgment affirmed.