## Josephine M. Wilson v. A. B. Chandler et al.

### Gen. No. 13,245.

1. DISCHARGE IN BANKRUPTCY—*what does not remove bar of.* A part payment of the principal after a discharge in bankruptcy does not, in itself, operate to revive the obligation to pay.

2. JURISDICTION—*what waives question of.* Appearing and contesting a trial upon the merits and otherwise participating in a cause after the same has been reinstated ensuing a dismissal, waives any question of jurisdiction as to the court's power so to have reinstated the cause,—jurisdiction of the subject-matter being conceded.

Action commenced before justice of the peace. Appeal from the County Court of Cook County; the Hon. ROLLAND A. RUSSELL, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed May 13, 1907.

**Statement by the Court.** In August, 1905, Josephine M. Wilson, the appellant, sued Alfred B. Chandler and Annie Chandler, his wife, on a promissory note signed by them both. In November, 1905, she recovered judgment against both defendants for $200 and costs. An immediate execution was issued and returned no part satisfied. November 22, 1905, Alfred B. Chandler filed an appeal bond and a transcript from the justice in the clerk's office of the County Court of Cook county. On November 29, 1905, an appeal summons against Alfred B. Chandler's co-defendant and wife, Annie Chandler, was issued. It was served on December 7, commanding her to appear at the County Court on the second Monday of December, being the first day of the December term. The second Monday was December 11, 1905. On that day the appeal summons with the return on

it was filed in the clerk's office of the County Court, also the appearance of the plaintiff, Josephine M. Wilson, and her attorneys, and an affidavit and notice under the statute for the placing of the cause on the "short cause calendar."

On January 8, 1906, which was the first day of the January term of the County Court, an order was entered, reciting that the cause was called for trial and the plaintiff came, but the defendants did not appear to prosecute their appeal, and adjudging that the appeal be dismissed at defendants' costs for want of prosecution, with a *procedendo* and costs and damages.

On March 3, 1906, which was in the February term of the County Court, a motion was made in that court by the attorney for the defendants, Alfred B. and Annie Chandler, to vacate the order of January 8, 1906, which was granted.

One of several bills of exceptions taken and filed in the cause by the plaintiff shows that said motion was based on affidavits tending to show that Alfred B. Chandler had a meritorious defense to the action, in that he had been discharged in bankruptcy from the said claim, and also that there was a rule of the County Court, the observance of which would have prevented the appearance of the cause on the short cause calendar until after January 8, 1906, through reliance on which rule the counsel for the defendant, A. B. Chandler, and the said Chandler himself, having no knowledge that the cause was on said calendar, were prevented from interposing the defense of said Chandler to the action.

March 10, 1906, a motion was made by plaintiff to set aside the order of March 3d.

This motion was on April 14, 1906, denied, to which ruling the plaintiff excepted.

April 18, 1906, the cause was called for trial before a jury. The record shows that "the parties to this suit by their attorneys respectively ·came and thereupon issues being joined, it was ordered that the cause proceed," and that after "hearing all the evidence adduced and the arguments of counsel and the instructions from the court," the jury returned a verdict finding the issues for the defendants, Al-

fred B. Chandler and Annie Chandler, and answering a special interrogatory submitted to them as to whether Alfred B. Chandler had unconditionally promised, since filing his petition in bankruptcy, to pay the debt in controversy, in the negative.

A bill of exceptions shows that before the trial the plaintiff's attorney "protested and objected to the jurisdiction of said court further to proceed in said action, for the reason that all proceedings subsequent to the January term, 1906, of said court are and would be void," but that his objections were overruled by the court.

May 5, 1906, on a motion made by the plaintiff, "after argument of counsel," a new trial was granted.

June 5 and 6, 1906, there was another trial before a jury. A bill of exceptions shows that plaintiff's attorney again protested and objected to the jurisdiction of the court to proceed further in said cause, for the reason that all proceedings subsequent to the January term, 1906, were and would be void. On these objections being overruled, however, the record shows that evidence was adduced on both sides, arguments heard from both counsel, and instructions given at the instance of both parties.

The jury found two verdicts, one finding the issues for the plaintiff as against the defendant, Mrs. Annie Chandler, and assessing damages at $20.17, and the other finding the issues for the defendant, Alfred B. Chandler.

The plaintiff moved for a new trial, and on June 11, 1906, the motion was heard. The grounds for a new trial urged by plaintiff were, first, that the court had no jurisdiction to proceed with the cause after the lapse of the January, 1906, term, except to enforce its final judgment entered at that term. Second, that the verdicts were against the law, the instructions and the evidence. Third, that the instructions to the jury were erroneous. The motion was allowed as to Annie Chandler and overruled as to Alfred B. Chandler. To the ruling in favor of Alfred B. Chandler the plaintiff excepted and moved in arrest of judgment. This motion was overruled, and she then moved *non obstante vere-*

*dicto,* for the same judgment that was entered at the January term, 1906, which motion was also overruled. Annie Chandler then confessed judgment individually in favor of the plaintiff for the sum of $205.80. To the entry of this judgment plaintiff excepted. Judgment was also entered by the court in favor of Alfred B. Chandler against the plaintiff over the objection and exceptions of the latter. The plaintiff then prayed and was allowed one appeal from "said judgments of the County Court," and having perfected the appeal assigns here as one error the entry of said judgments, on the ground that all proceedings of the County Court in this case subsequent to the January term, 1906, are not only erroneous but void, and as another, the inaccuracy of instruction 7, given at the instance of appellee, Alfred B. Chandler. Said instruction was as follows:

"(7)   The court instructs the jury that if you find from the evidence that the defendant, Alfred B. Chandler, has, since his discharge in bankruptcy from the debt of the plaintiff, paid to the plaintiff money on account of such previous indebtedness, you are instructed that a part payment on such previous indebtedness wherefrom he has been discharged in bankruptcy would not revive the debt, otherwise so barred, nor is evidence of part payment of a debt discharged in bankruptcy evidence of a new promise, it being the law applicable to this case that neither payment of interest nor part payment of principal, nor a declaration to pay, will suffice to revive a debt otherwise discharged in bankruptcy."

DICKINSON & HAREMSKI, for appellant.

F. M. WILLIAMS and F. C. STRUCKMEYER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The judgment appealed from was rendered in the County Court after a trial on the merits. The evidence is not preserved in full, but the only question mooted was whether Alfred B. Chandler had, subsequently to June 13, 1901, the

date of his discharge in bankruptcy, by any action or promise, revived his indebtedness on the note sued on, from which he had been discharged.

. The bill of exceptions says that "Plaintiff, Irving D. Wilson and Richard Carey, each severally testified tending to prove that defendant Alfred B. Chandler had declared, stated and promised, subsequently to June 13, A. D., 1901, and prior to the commencement of this suit, that he would pay the whole of the balance of the note." The note itself, introduced in evidence, showed indorsements of payments on it at dates subsequent to June 13, 1901. The bill of exceptions also says: "Defendant Alfred B. Chandler testified tending to prove that he had not made any such new declaration, statement and promise, and that his attorney had cautioned him not to make any such declaration, statement and promise."

Under this state of the evidence the instruction complained of was fully justified. The use of the words, "declared that he would pay," in the bill of exceptions, throws light on the use of the rather unusual expression, "A declaration to pay," in the instruction.

But the meaning of the instruction is plain. Its doctrine is borne out by the opinions of our Supreme Court, of the Supreme Court of the United States, and of this court, in the cases cited by appellees' counsel. The rule is different from that existing in the case of a debt barred by the Statute of Limitations. A discharge in bankruptcy releases the debt, although it leaves a moral obligation to serve as the consideration for a new promise. The Statute of Limitations merely takes away the remedy, and may be waived by not urging it. St. John v. Stephenson, 90 Ill., 82; Allen v. Ferguson, 18 Wall., 3; Willets v. Cotherson, 3 Ill. App., 644.

Perhaps the instruction might have been objectionable as not containing all it ought to, had it stood alone; but connected as it was with instructions 6, 9, 11, 13 and 14, given at the instance of the plaintiff, and instructions 1, 2, 3, 4, 5

Wilson v. Chandler.

and 6, given at the instance of the defendant A. B. Chandler, it could not have misled the jury.

The chief contention of the appellant, however, is not on the merits, but that anything and everything done by the County Court in this case since the January term, 1906, ended, must be erroneous because void. It is insisted that the County Court having dismissed the appeal on January 8, 1906, lost jurisdiction of it entirely on February 10, 1906, when that term ended, and has never been revested with it. It is the last clause of this contention which appellee denies. She insists that by the subsequent proceedings of the defendants and the plaintiff, the court, whatever may be said of its action on March 3, 1906, in vacating the order of January 8, 1906, was revested with jurisdiction of the parties, and any error in the method by which the cause was again brought before it was waived. Jurisdiction of the subject-matter is conceded.

We think the case of Schafer v. Moe, 72 Ill. App., 50, and the cases cited therein of Herrington *et al.* v. McCollum, 73 Ill., 476; Prall v. Hunt *et al.,* 41 Ill. App., 140; National Union Building Ass'n v. Brewer, 41 Ill. App., 223, and Schmohl v. Fiddick, 34 Ill. App., 190, sustain the appellee's view of the matter.

We are unable to perceive the distinction in logic and principle, which appellant attempted in argument to point out, between revesting the court with jurisdiction of the parties by appearance and participation in a trial after the suit is dismissed, and doing the same thing by the same means after the appeal is dismissed.

It is true that the plaintiff at various stages of the case after February, 1906, renewed her objection to proceeding, and asserted that the order of March 3 should be vacated and the order of January 8 be allowed and declared to stand. But, protesting, she nevertheless consented to the subsequent trials by taking part in them.

The objection to the jurisdiction, says the court in Schafer v. Moe, *supra,* " must be persisted in *and solely relied on,* in order to be available."

The plaintiff, if unwilling to risk the chances of success on the merits of her cause, should have refused to participate in the trial of it, after making her protest against the action of the court. If she were willing, she must "stand the hazard of the die." Otherwise she would have been experimenting with the court—willing to accept the benefit of its decision and process as authoritative if in her favor, but intending to repudiate them as absolutely void if against her.

In this case there has been indeed an especially active participation on the part of the plaintiff in securing the action of the court which she now seeks to discredit as extra-jurisdictional. The last trial—the one of June, 1906—which resulted in the judgment now appealed from, was the direct result of the plaintiff's action. *She* secured "the new trial" after the trial and verdict of April 18, 1906.

The judgment of the County Court must be affirmed.

*Affirmed.*