DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1913.

---

Oscar Lox and Oscar Lox, Plaintiffs in Error, v. E. R.
Bradley, Defendant in Error.

### Gen. No. 17,350.

1. JUDGMENTS—*power to open.* Municipal Court Act, § 21, gives
power and authority to vacate a judgment after thirty days on·
petition setting forth facts which would be sufficient to vacate it
in a court of equity.

2. JUDGMENTS—*where objection to judgment being opened is
waived.* Where a judgment in the municipal court is opened on
motion of defendants after more than thirty days from its entry,
plaintiffs, by appearing and taking part in the trial, waived their
right to except to the order, and it is not reviewable on appeal.

3. JURISDICTION—*waiver of objection to.* An objection to the
jurisdiction, in order to be available on appeal or writ of error,
must be persisted in and solely relied on.

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TOR-
RISON, Judge, presiding. Heard in this court at the March term,
1911. Affirmed. Opinion filed April 21, 1913.

J. W. BECKSTROM and H. WALDMAN, for plaintiffs in
error.

ROBERT F. KOLB, for defendant in error.

(1)

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiffs Lox and Lox brought an action of the fourth class in the Municipal Court to recover $234.37 for a smoke burner alleged to have been furnished by plaintiffs to defendants Bradley and McLean, and for labor done and materials furnished in installing the burner. The defendants entered their appearance and filed an affidavit of defense, but failed to appear when the cause was reached for trial June 15, 1910, and plaintiffs had judgment for $234.27 and costs. August 5, 1910, the defendants filed their petition that the judgment be vacated. August 13 an order was made that on payment by defendants of $50.00 attorney's fees leave be granted to them to make defences, that a trial of the cause be had, the judgment to stand as security. The plaintiffs employed new attorneys and moved to vacate the order of August 13, and their motion was denied. They then moved to vacate the last mentioned order and their motion was denied. January 25, 1912, the cause was on motion of plaintiffs discontinued as to defendant McLean, and, "after hearing the evidence and the arguments of counsel, the Court finds the issues against the plaintiffs." Plaintiffs then moved for a new trial and their motion was denied and judgment *nil capiat* entered. The record contains neither a statement of facts nor a stenographic report.

Section 21 of the Municipal Court Act gives to that court power and authority, after the lapse of thirty days from the entry of a judgment, to vacate it on petition setting forth facts which would be sufficient to cause the same to be vacated in a court of equity.

Whether the order opening the judgment and giving the defendants leave to make a defense and have a trial of the cause was, or was not, proper on the petition, it is not necessary to decide. After the judgment was opened the plaintiffs appeared, took part in the trial and moved for a new trial. They thereby waived

their right to except to the order. After the cause was so opened, the plaintiffs should not have appeared at all, or at most, should have confined themselves to the resistance of any action proposed by the defendant. Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 61. Herrington v. McCollum, 73 Ill. 476; Wilson v. Chandler, 133 Ill. App. 622.

The objection to the jurisdiction, it was said in Schafer v. Moe, 72 Ill. App. 50, "must be persisted in and solely relied on, in order to be available."

The judgment is affirmed.

*Judgment affirmed.*