MICHAEL HALL, Plaintiff in Error, *v.* FRANK NEES, Defendant in Error.

ERROR TO COLES.

According to the strict rules of practice, a motion in arrest of judgment is a waiver of a motion for a new trial. A party who has filed both motions, and calls up his motion in arrest and has it disposed of, and then allows judgment to be rendered, without directing the attention of the court to the other motion, will be held to have waived his motion for a new trial.

It is allowable to include in the same declaration, divers distinct words of slander, of different import.

THIS is an action on the case for words spoken.

The declaration alleges four several conversations between defendant and divers persons, in each of which defendant uttered several distinct " sets of words," charged as slanderous to plaintiff, as follows :

First conversation alleged :

" He (meaning plaintiff) stole my corn." " He (meaning plaintiff) and Smith Horton stole my corn." " He (meaning plaintiff) stole my hogs." " He (meaning plaintiff) stole my eggs and apples." " He (meaning plaintiff) keeps Smith

Horton to steal my corn, and he (meaning plaintiff) conceals it." "He (meaning plaintiff) is a thief." "He (meaning plaintiff) keeps a whore house."

Second conversation alleged:

"Frank (meaning plaintiff) stole my corn." "Frank (meaning plaintiff) stole hogs from me." "He (meaning plaintiff) stole hogs from me." "He (meaning plaintiff) and Smith Horton stole my corn." "Since he (meaning plaintiff) has come here (meaning the neighborhood of said defendant) my eggs and apples are all stolen," (meaning and intending thereby to charge that the said plaintiff stole the eggs and apples of said defendant.)

Third conversation alleged:

"He (meaning plaintiff) keeps Smith Horton to steal my corn, and he (meaning plaintiff) receives it and conceals it." "Smith Horton steals my corn, and he (meaning plaintiff) receives it." "Smith Horton stole my corn, and he (meaning plaintiff) conceals it." "Smith Horton steals my corn, and he (meaning plaintiff) conceals it and uses it," (meaning and intending thereby to charge said plaintiff with receiving for his own gain, and concealing stolen property, he, the said plaintiff, then and there knowing said property to have been so stolen.)

Fourth conversation alleged:

"He (meaning plaintiff) keeps a whore house." "His (meaning said plaintiff's) house is no better than a whore house." "He (meaning plaintiff) keeps a lot of whores," (meaning at the house of said plaintiff.) "He (meaning plaintiff) keeps his daughter and a hired girl there, (meaning at the house of said plaintiff) to keep a whore house."

There was a demurrer to the declaration and the several allegations thereof, which, after being filed, was withdrawn, without any judgment of the court thereupon, and defendant filed four pleas. General issue, and three pleas, justifying certain "sets of words" alleged in declaration.

Issue joined, (defendant withdrew his second plea), trial by a jury, and verdict as follows: "We the jury find the defendant guilty, and assess said plaintiff's damages at five hundred dollars."

Thereupon a motion for a new trial, and in arrest of judgment, was entered by defendant, which motions were taken under advisement by the court.

Thereupon the court rendered judgment for plaintiff, for five hundred dollars and costs of suit.

The motion in arrest, was put upon the ground that the declaration showed divers and distinct allegations of words

spoken, divisible in their nature, some of which are not actionable.

H. P. W. BROMWELL, for Plaintiff in Error.

JOHN SCHOLFIELD, for Defendant in Error.

CATON, C. J. After the verdict in this cause was rendered, the defendant entered two distinct motions—one in arrest of judgment, and the other for a new trial; which were continued. At the next term, as the record states, the counsel for both parties called up the motion in arrest and argued it; upon which the court took time to consider until the next succeeding term, when the motion in arrest was overruled, and final judgment was rendered on the verdict. It is laid down as a general rule, in works on practice, that a motion in arrest of judgment is a waiver of a motion for a new trial. The motion for a new trial should be made and determined, where it is relied upon, before the motion in arrest is made. But i we were not disposed to adhere to this technical rule, and to allow both motions to be pending at the same time, there was clearly a waiver of the motion for a new trial in this case. After the defendant filed his motion for a new trial, he allowed it quietly to sleep among the files of the court, during several terms, without ever presenting it to the consideration of the court; while in the meantime, he called up and argued his motion in arrest, and pressed it to a decision, and allowed final judgment to be entered up. If he intended to rely upon his motion for a new trial, he should have called it up and asked a decision upon it, before the entry of final judgment at least. After the court had decided the motion which had been presented and argued, it was not its duty to hunt over the files in the cause to see if some other motion had not been slipped in, which should be decided before final judgment should be rendered. If the defendant really intended to rely upon the motion for a new trial, it has much the appearance of a trick, in allowing it to be passed over in silence, until final judgment was rendered, and now for the first time press it upon the attention of an appellate court, not upon its merits, but simply complaining that the Circuit Court did not decide it one way or the other. We do not feel inclined to encourage this kind of silent practice. The objections urged to the declaration, on the motion in arrest, would apply to all the most approved precedents to be found in works on pleadings.

That motion was properly overruled, and the judgment must be affirmed. *Judgment affirmed.*