JOHNSON S. PRALL

v.

CHARLES F. HUNT AND JOSEPH B. ADAMS, COPARTNERS.

*Practice—Dismissal of Suit—Reinstatement—Jurisdiction.*

1. A motion is an application to a court or judge.

2. Silently filing a paper does not fill the common law definition of a motion.

3. Although a party at a given term excepts to the reinstatement of a cause, the waiver of a jury by both sides at a subsequent term, and the submission of the case to the court for trial, amounts to a waiver of such exception.

[Opinion filed June 25, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. COOK & UPTON, for appellant.

Mr. E. K. SMITH, for appellees.

GARY, J. The appellees sued the appellant in assumpsit to the January term, 1890, for the price of a machine called a grader, which seems to be a sort of combination of a plow and a scraper, with excellent qualities possessed by neither of those useful implements, added.

At the next June term the case was dismissed for want of

prosecution. During that term the appellees filed a motion to set aside the dismissal; also affidavits; but it does not appear that in any way the attention of the court, the appellant or his counsel was called to what they thus did.

We express no opinion as to whether the court, by this action, retained control of the case, under the doctrine of Windett v. Hamilton, 52 Ill. 180, followed in Hibbard v. Mueller, 86 Ill. 256. If bare filing of papers constitutes "proceedings pending," then the statute, Sec. 21, Art. of 1874, relating to Circuit and Superior Courts, continues them.

In the case of the people against me, 105 Ill. 264, it appears that the motion was entered "in open court" "and by operation of law stood continued."

In an application for a new trial the statute, Sec. 56, Practice, specifies no other act to be done than to "file the points in writing." But silently filing a paper does not fill the common law definition of a motion which is an application to a court or judge. Rapalje, Law Dict.

Yet Caton, C. J., in Hall v. Nees, 27 Ill. 411, seems not to have suspected that the paper silently filed was not itself a motion. But whether this case was within the control of the court or not at the September term, 1890, when the dismissal was set aside and the cause reinstated, makes no difference. True, the appellant then excepted, but at the next term the parties came, waived a jury on both sides and submitted the case to the court for trial. This conduct of the appellant waived his former exception.

After the case was reinstated the appellant should not have appeared at all, or, at most, should have confined himself to resistance of any action proposed by the appellees. See near bottom of page 479, in Harrington v. McCollum, 73 Ill. 476.

The court had jurisdiction of the subject-matter; and if the cause was properly reinstated, of the person of the appellant, to try the cause with a jury; but his consent was necessary, and given, to try the cause without a jury.

On the merits the evidence was conflicting. Either side has a perfect case standing by itself, and the conclusion reached by the court below binds us. The judgment is affirmed.

*Judgment affirmed.*