## Columbian Accident Company v. Sanford.

1. INSURANCE—*Failure to Observe Condition of Policy.*—In an action upon an insurance policy it was claimed by appellant that the insured came to his death in consequence of his failure to observe certain conditions of the policy, viz., " By unnecessary exposure to danger," and by reason of his failure to use as required by the policy " all due diligence for personal safety and protection." *It was held* that the question of tl e liability of appellant under its policy was one of fact for the jury and not for the court to determine.

2. PLEADING—*Second and Subsequent Count.*—In framing a second or subsequent count for the same cause of action, in order to avoid unnecessary repetition it is proper to make portions of the first count part of the second or subsequent counts by proper reference thereto.

3. INSURANCE—*Articles of Association as Evidence.*—In an action against an insurance company where losses are paid by assessments upon the members it is competent for the company to introduce its art'- cles of association and by-laws in so far as they show the amount that could be assessed upon each member to pay claims, and the method to be pursued in collecting assessments.

**Memorandum.**—Action in assumpsit. In the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Declaration on certificate of membership in accident company; plea, general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed June 29, 1893.

The opinion states the case.

ST. JOHN, FRENCH & MERRIAM, and J. C. ESSICK, attorneys for appellant.

LOUIS KARCHER, JAMES I. NEFF and J. H. STEARNS, attorneys for appellee.

OPINION OF THE COURT, WATERMAN, J.

This action was brought to recover the amount claimed to be due upon a policy of life insurance issued by appellant. It was claimed by appellant that the insured came to his death in consequence of his failure to observe certain con-

ditions of the policy, viz., "By unnecessary exposure to danger," and by reason of his failure to use as required by the policy "all due diligence for personal safety and protection."

The insured was killed while attempting to cross the track in front of an approaching and visible railroad train.

Upon the evidence given as to the circumstances under which this was done, the question of the liability of appellant under its policy was one of fact for the jury to determine, and the court ought not to have peremptorily instructed the jury to find for the plaintiff. For this error the judgment must be reversed and the cause remanded.

It is insisted by appellant that the declaration was insufficient to warrant a recovery; or rather, that the policy was inadmissible under the declaration, because it is claimed that in no count was the entire policy set forth *in hæc verba* or in substance, or according to its legal effect.

We do not think that appellant rightly describes the declaration. In the first count is set forth the affirmative or contractual promises of the policy; in the second count the conditions upon which the promise to pay is made to depend; that is, conditions that are to happen, if at all, subsequent to the issuing of the policy, are set forth and the other portions of the policy are made a part of this, the second count, by a reference to the first count, there made.

We regard this as a proper mode of pleading and that thereby the entire policy was embodied in the second count. 1 Chitty's Pleadings, 355, Fifth Am. from Fourth Eng. Ed.

The policy contained the following provision:

"The payment of the various sums of indemnity herein provided is conditioned solely upon the same being realized from an assessment of the members of the company assessable at the date of the injury."

The declaration averred that upon the death of the assured, it became the duty of appellant to have made an assessment upon the members assessable, for the purpose of raising a fund to pay the sum of $5,000, and that had such assessment been made, the full sum of $5,000 above the cost

of collecting the same would have been realized for such purpose, but that appellant refused to make such assessment. No evidence in support of this allegation was offered.

In the view of the writer of this opinion, the plaintiff was called upon to show something as to the number of members liable to assessment, and the amount that, under the rules of the company, could be assessed upon each, as a basis upon which to arrive at a conclusion as to the amount that could be realized by assessment. The majority of the court are of the opinion that under the authority of U. M. Accident Association v. Frohard, 33 Ill. App., 178, the same in 134 Ill. 239, and the cases there cited, such proof need not be made by the plaintiff.

The court is unitedly of the opinion that the defendant should have been permitted to introduce its articles of association and by-laws in so far as they showed the amount that could be assessed upon each member to pay the claim of the plaintiff, and the method to be pursued in collecting such assessment.

The judgment of the Superior Court is reversed and the cause remanded.