## Simon Pick v. Louis Glickman.

1. MOTION—*Practice on.*—There is no statute or practice which requires a motion, or notice thereof, based upon affidavits, to specify the cause for the motion, which the affidavits show.

2. NOTICE—*To an Attorney.*—Notice to the attorney is notice to his client.

3. ATTORNEYS—*Implied Authority.*—The authority to collect money and give acquittance therefor, carries with it the duty to protect judgments recovered for that purpose.

Memorandum.—Appeal from an order overruling a motion to set aside a verdict and judgment rendered in the plaintiff's absence by the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1893, and reversed and remanded. Opinion filed March 29, 1894.

ISRAEL COWEN, attorney for appellant.

EDWARD A. FISHER, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Pick sued Glickman and recovered before a justice, and Glickman appealed to the Circuit Court. There the case was tried *ex parte* on the 17th day of April, 1893, which day was the first day of the April term, and Pick obtained a verdict on which judgment was entered. On the 27th day of May, which was in the May term, that judgment was, on motion and due notice to the attorney of Pick, set aside. The terms of the notice and motion are not set out, as no question can be made upon them.

Now, assuming that such motion and notice—being a statutory substitute for a common law proceeding which, without a bill of exceptions, would be of record—are a part of the record without such bill; the cause for setting the judgment aside only appears by affidavits, which are but a substitute for the evidence that would not be a part of the record without such bill, and there is none in this case. There is no statute or practice which requires a motion, or

notice thereof, based upon affidavits, to specify the cause for the motion which the affidavits may show; and it will be more just to require a party who has been duly notified, to appear and except to action of the court, to which he does not assent, than to permit him after being silent in the Circuit Court, to object for the first time here.

Notice to the attorney was notice to Pick; the authority to " collect the money and give acquittance therefor" (Custer v. Agnew, 83 Ill. 194), carries with it the duty to protect the judgment.

We can not review the setting aside of the judgment. June 7, 1893, the cause was again tried *ex parte*, this time only Glickman appearing, and he recovered affirmatively a judgment upon a set off. This is error. Morgan v. Campbell, 54 Ill. App. 242. As each party has now taken the other by surprise once, the case will be returned to the Circuit Court for a fair contest. Reversed and remanded.