| 59 | 61 |
| 67 | 106 |
| 59 | 61 |
| 91 | 414 |

# Washington Park Club v. Elias J. Baldwin, for use of John W. McClelland.

1. DEFAULT—*When a Party is Not in.*—Where a defendant in a garnishee proceeding, having suffered a conditional judgment to be entered against him, was served with a *scire facias* to appear at the next term of the court to show cause why the judgment should not be final, appeared, and filed with the clerk a motion to set aside the conditional judgment, *held,* it could not be said he was in default if he had made a motion, which, if sustained, would dispense with an answer.

2. MOTION—*What is Not.*—A paper purporting to be a motion in a cause filed with the clerk of the court without notice to anybody interested, and which may never have come to the knowledge of the court or opposing counsel, is not such a motion as may thereafter be exhumed and held sufficient cause for undoing all that has been regularly done.

3. SAME—*When Considered as Overruled.*—Entering judgment in a cause is in effect an overruling of all motions pending prior thereto in the cause.

4. JUDGMENTS—*Interest.*—The statute authorizes the sheriff to collect interest from the date of the judgment, and usage in this State has justified a judgment for costs, without stating the amount. But in general, a money judgment must be for a fixed sum.

**Garnishee Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

*Copy of the record referred to in the opinion of the court:*

*Title, etc.*

" This day again comes the plaintiff to this suit, by his attorney, and it appearing to the court that due personal service of *scire facias* issued in said cause has been had on Washington Park Club, garnishee herein, for at least ten days before the first day of this term, and it being called comes not, nor does any person for it, but herein it makes default, which is on motion of plaintiff's attorney ordered to be taken, and the same is hereby entered herein of record; wherefore the conditional judgment rendered herein against said garnishee ought to be made final. Therefore it is considered by the court that the defendant for the use of the plaintiff do have and recover of and from the said garnishee, Washington Park Club, the sum of three thousand four hundred and twenty-three dollars and six cents *interest thereon from October 17, 1891,* being the amount of the original judgment rendered herein against the defendant at the date aforesaid, together with all plaintiff's costs and charges in this as well as in that behalf expended, and have execution therefor."

CRATTY BROS., MACLAREN, JARVIS & CLEVELAND, attorneys for appellant, contended that a garnishee has the right to move to vacate a conditional judgment. In fact it is his duty to attack even the original attachment proceedings if within his power to do so. It will not do to say that because the reviewing court may be of opinion that upon a hearing such motion or exceptions would have been overruled, therefore there was no error in ignoring them. It was the duty of the trial court before entering judgment by default to dispose of said motion of July 11th in some way. It was error to enter final judgment by default while said motion was undisposed of. Appellant was not in default, because there was on file and undisposed of, his motion to vacate the conditional judgment. Dennison v. Blumenthal, 37 Ill. App. 385; see also Moore v. Little, 11 Ill. 550; Chapman v. Wright, 20 Ill. 120, 126; Ditch v. People, 31 Ill. App. 368.

CHARLES H. ALDRICH, attorney for appellee, contended that the filing the alleged motion had no effect on the right of the court to enter the order defaulting the garnishee and making the conditional judgment final.

What is a motion and its effects? Stephens, in his Commentaries on the Law of England, Vol. 3, p. 679, says: "A motion, then, is an application made to the judges *viva voce* in open court."

The American and English Encyclopedia of Law, Vol. 15, p. 887, says:

"A motion is an application to the court by one of the parties in a cause, or his counsel, in order to obtain some rule or order of court which he thinks becomes necessary to the progress of the cause, or to give relief in a summary manner in some matter which would work injustice." Citing Bouvier's Law Dictionary, elaborating upon 3 Blackstone's Com. 304.

"In practice, a motion is an *oral argument* to the court showing why a certain order should be made." Estee's Pleadings and Forms, Vol. 3, p. 146.

Under the Montana code, "An application for an order is

a motion." Wallace v. Lewis, 9 Mon. 399. A motion is properly an application for a rule or order, made *viva voce* to a court or judge. It is distinguished from the more formal applications for relief by petition or complaint. The People v. Ah Sam, 41 Cal. 650.

" A motion is properly an application for a rule or order made *viva voce* to a court or judge. It is distinguished from the more formal applications for relief by petition or complaint. The grounds of the motion are often required to be stated in writing and filed. In practice the form of application itself is often reduced to writing and filed. But making out and filing the application itself is not to make the motion. If nothing were done it would not be error in the court to entirely ignore the proceeding. The attention of the court must be called to it. The court must be moved to grant the order. 3 Stephens' Com. 679; Burrill's Law Dict., word 'motion;'" People v. Ah Sam, 41 Cal. 645, at 650.

In Chatham v. Howell, 6 Yerg. 311, the court says :

" But in a case by motion like this there is nothing upon which the court can act, until the motion is made in court, and entered of record. Then, and not till then, the court has a cause before it, after which it is continued in court until it may be finally heard. Before this motion is thus made and entered of record the defendant can take no step whatever in this matter. There is nothing to dismiss, for there is no process returned into court by which the court can recognize the case." See also Miller v. Boyd, 1 Dana 272.

In Prall v. Hunt et al., 41 Ill. App. 140, this honorable court said :

" But silent'y filing a paper does not fill the common law definition of a motion which is an application to a court or judge."

These authorities, he contended, establish beyond a doubt that the act of July 11th, in filing a paper, supposed to be a motion, with the clerk of the court, preserved no rights for it.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

With slight additions we accept the statement of facts that is in the appellant's brief.

October 17, 1891, John W. McClelland, in a suit by attachment in the Circuit Court, recovered a judgment against the appellee for $3,426.06. The appellant had been summoned as a garnishee, had not answered, and on that day a conditional judgment, in favor of the appellee for the use of McClelland, was entered for "the sum of three thousand four hundred and twenty-three dollars and six cents, being the amount of the original judgment rendered herein, together with all plaintiff's costs and charges in this behalf expended, unless the said garnishee, after being duly served with *scire facias* to be issued, shall show cause, if any it has, why the above conditional judgment should not be made final and execution issued, accordingly."

A *scire facias* was served on the appellant October 22, 1891, and nothing more was done in the case until July 11, 1893, when the appellant filed with the clerk of the court a paper purporting to be a motion to set aside the conditional judgment for several reasons which need not be repeated. Then nothing more was done until November 19, 1894, when the appellee took judgment as follows:

"This day again comes the plaintiff to this suit, by his attorney, and it appearing to the court that due personal service of *scire facias* issued in said cause has been had on Washington Park Club, garnishee herein, for at least ten days before the first day of this term, and it being called comes not, nor does any person for it, but herein it makes default, which is on motion of plaintiff's attorney ordered to be taken, and the same is hereby entered herein of record; wherefore the conditional judgment rendered herein against said garnishee ought to be made final. Therefore it is considered by the court that the defendant, for the use of the plaintiff, do have and recover of and from the said Washington Park Club, the sum of three thousand and four hundred and twenty-three dollars and six cents interest thereon from October 17, 1891, being the

amount of the original judgment rendered herein against the defendant at the date aforesaid, together with all plaintiff's costs and charges in this as well as in that behalf expended, and have execution therefor."

It is now insisted:

1. That the appellant was entitled to notice before entering the final judgment.

2. That final judgment should not have been entered without first disposing of the motion of July 11, 1893.

3. That the judgment is excessive by including the uncertain amount of costs and charges.

The first of those points is based upon a rule of the Circuit Court shown in the bill of exceptions, as follows:

"No motion will be heard or order made in any cause without notice to the opposite party when an appearance of said party has been entered, except where a party is in default or where the cause is reached on the calendar."

Although the appellant had been summoned on the *scire facias* to the November term, 1891, and had not answered, yet it could not be said to be in default, if it had made a motion which, if sustained, would dispense with an answer.

Can a paper, purporting to be a motion in a cause, filed with the clerk of the court without notice to anybody interested, and which, so far as this record shows, may never have come to the knowledge of the court or opposing counsel, be a motion that stops proceedings, and which may thereafter be exhumed and held to be sufficient cause for undoing all that, except for that paper, was regularly done?

That such a paper is not a motion is old law. Prall v. Hunt, 41 Ill. App. 140; 3 Bl. Com. 304.

Barristers were called in the order of their seniority and each made his own motion, if he wished to do so, and but one in one day. 1 Burr. 57.

There is no allusion in books of practice to such a course as was here pursued. See 3 Chit. Gen. Pr. 573. For the purpose of making a calendar of a class of motions called "enumerated" the old Supreme Court of New York had a rule for filing "a note of issue." Graham, Pr., 671. "A

motion is properly an application for a rule or order made *viva voce* to a court or judge." Making out and filing an application "is not to make a motion." "The attention of the court must be called to it." People v. Ah Sam, 41 Cal. 645.

In Hall v. Ness, 27 Ill. 411, Caton, J., disparaged even a motion for new trial where the course pursued resembled that in this case.

The case last cited disposes of the second point upon one ground, and Home Flax Co. v. Beebe, 48 Ill. 138, and Deere v. Lewis, 51 Ill. 254, do the same thing upon another, *i. e.*, that the judgment entered overruled the motion.

The third point is based upon a wrong reading of a clumsily written record. The words "interest thereon from October 17, 1891," must be rejected as surplusage. They have in the connection in which they are used, no definite meaning, and besides it is not to be left to the sheriff holding an execution to determine the amount of the judgment.

The statute authorizes him to collect interest from the date of the judgment, and usage in this State has justified a judgment for costs without stating the amount; but in general, a money judgment must be for a sum fixed. Black on Judgments, Sec. 118.

The judgment in this case is only for a fixed sum.

The recital "being the amount," etc., while not true in fact, means that the sum named is the amount of the original judgment and costs.

There is no error and the judgment is affirmed.