## James J. Reilly v. Myrtilla Wilkins.

1. MOTIONS—*How Made.*—A motion is properly an application for a rule or order, made *viva voce* to a court or judge; it need not be reduced to writing and filed.

**Motion,** to open a judgment, etc. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Reversed with directions. Opinion filed November 30, 1896.

BURTON & REICHMANN, attorneys for appellant.

DOW, WALKER & WALKER, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

A judgment against appellant and in favor of the appellee for $1,099.27, was entered by confession upon a warrant of attorney, contained in a lease of certain premises in Chicago, for a term beginning May 1, 1893, and ending April 30, 1896.

At the same term of court a motion was made to vacate the judgment, but was overruled, and this appeal has followed.

Upon the motion to vacate the judgment, it was made to appear that appellant abandoned the premises because of a claim made by him of constructive eviction therefrom, and that he paid all rent that was due and unpaid up to the date of such abandonment.

The demised premises consisted of a store and basement, to be occupied for the purpose of carrying on a wall paper and decorating business, in a large building, the upper stories of which were divided into flats or apartments.

The constructive eviction was the occupancy of the flats by other tenants of appellee, for immoral purposes—assignation houses and houses of ill fame, with the knowledge of appellee or her agents, and the carrying on of " soliciting " by the female occupants or frequenters of the flats, at the windows of the flats and the street entrances thereto, and upon the sidewalk in front of and adjacent to, the demised store.

It would serve no valuable purpose to review the affidavits *pro* and *con*, that were read on the hearing or the motion. Suffice it to say that we think there was such a showing made as entitled the appellant to have been let in to plead to the declaration upon the merits, and show, if he could, that what he claimed, and upon which he acted, amounted to a constructive eviction.

It is objected by appellee that the record fails to show that any motion was made in the Circuit Court to vacate the judgment.

The judgment was entered April 4, 1896. On the eleventh

of that month there was filed in the cause a duly accepted notice of a motion to be thereafterward made, to vacate the judgment, and that the defendant be let in to plead, and to stay execution until the motion should be disposed of. Two days afterward an order staying execution was entered, and on April 29, 1896, in the order overruling defendant's motion, it was recited that such a motion had been submitted to the court.

A motion need not be reduced to writing and filed. "A motion is properly an application for a rule or order, made *viva voce* to a court or judge." Washington Park Club v. Baldwin, 59 Ill. App. 61; Pick v. Glickman, 54 Ill. App. 646.

The record shows all that is required. ·

The order appealed from will be reversed, in so far as it denies the appellant the right to plead to the declaration upon the merits, with directions to the Circuit Court to permit the appellee to so plead, and show, if he can, an eviction from the premises, the judgment itself to stand as security, and abide the result of a trial upon the merits.

No meritorious defense but that of the claimed eviction being shown to exist to the judgment, the appellant should be confined in his pleas and in his proof to the single question, and he will be let in to plead only upon terms that shall confine him to that issue alone.

Reversed with directions.