### The Morse Company v. Ira T. Eaton.

1. ESTOPPEL—*By the Act of an Attorney.*—Attorneys who sign a "Certificate of Questions of Law" under the provisions of Sec. 75 of the Practice Act, and the trial court acts upon the same, can not be heard in the Appellate Court to say that the parties did not personally assent to the making of such certificate.

2. PRACTICE—*Motions for New Trials.*—Section 110 of the Practice Act (Hurd's Statute, 1899, page 1291) provides that the points in writing, particularly specifying the grounds of the motion, may be filed during the term at which judgment is entered, but it does not provide that a motion may be made by simply filing a paper with the clerk of the court.

3. SAME—*Notice of Motions, etc.*—Making and secretly filing a paper with the clerk, in a case pending in court, without calling the attention of the court or opposing counsel to it, is not making a motion in the case within the meaning of the law.

Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 23, 1900.

ALDEN, LATHAM·& YOUNG, attorneys for appellant.

MOORE & CREEKMUR, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This case is now before this court upon what purports to be a "Certificate of Questions of Law," as provided for in Sec. 75 of the Practice Act. A motion was made by appel-

lee to dismiss the appeal the disposition of which was reserved until the final hearing of the case. That motion is based largely upon the fact that the parties did not personally assent to the making of such a certificate. But their attorneys did so assent in writing and upon such assent the trial judge acted. That was sufficient. And further the attorneys for appellee who make this motion in this court signed such assent. They will not be heard to deny the validity of their own acts.

April 11, 1898, a verdict was rendered against appellant and in favor of appellee, and a motion for a new trial entered by appellant.

April 23, 1898, said motion for a new trial was withdrawn and the judgment in question was entered on the verdict.

April 30, 1898, as the record recites, and " without notice to the attorneys for the plaintiff, a document in writing was filed with the clerk of this (the trial) court with the words, ' motion for a new trial,' indorsed thereon but not called to the attention of the court during the term."

July 13, 1898, an order was entered expunging from the record said order of April 11th, and the order of April 23d, wherein it is recited that said motion for a new trial was withdrawn, but in said order of July 13th, it is stated as follows:

" This order is made without prejudice to the judgment entered herein on the 23d day of April, A. D. 1898, which remains in full force."

August 15, 1899, a motion was made by attorneys for appellant wherein the trial court was " asked to hear arguments on the purported motion for a new trial filed in this cause April 30, 1898."

The proceedings in 1898 were by and before Hon. John Barton Payne, then one of the judges of the trial court. The motion of August 15, 1899, was heard and the order thereon entered by Hon. Marcus Kavanagh, then one of the judges of said trial court and successor to said Judge Payne.

The trial court upon the hearing of said motion made August 15, 1899, found and ordered that " no motion for new trial herein was made herein April 30, 1898, and that no motion for new trial is now pending," and overruled said motion entered August 15, 1899.

September 23, 1899, appellant moved the court to incorporate in a bill of exceptions the testimony heard on the trial of said cause April 11, 1898, before said Judge Payne, which was denied on the ground that the appeal was from the order entered August 15, 1899, and from that order only.

The record shows that this appeal " was not from the judgment entered April 23, 1898, but is from the decision rendered and order entered in the cause August 15, 1899," as stated in the certificate of the trial judge.   There was, therefore, no error in refusing to thus incorporate the testimony heard on the trial.

It is here contended by counsel for appellant, that the mere filing with the clerk of the court below of a motion in writing for a new trial during the term at which the judgment was entered without calling thereto the attention of the court or opposing counsel, is all that is required by the statute, and that, in effect, the judgment was thereby stayed until the motion thus filed is decided by the court. That portion of the Practice Act (Hurd's Stat. of 1898, Ch. 110, Sec. 57), which it is claimed supports this contention, is as follows :

" If either party may wish to except to the verdict, or for other causes to move for a new trial or in arrest of judgment, he shall, before final judgment is entered, by himself or counsel, file the points in writing, particularly specifying the grounds of such motion, and final judgment shall thereupon be stayed until such motions can be heard by the court."

That statute is not properly subject to the interpretation contended for by appellant.   It does not provide that the motion may be filed at any time during the term.   It presupposes a motion made, and then provides that " the points in writing particularly specifying the grounds of such mo-

tion," that is, a motion made for a new trial, may be filed during the term at which the judgment was entered. It does not provide that a motion may be made by simply filing a paper with the clerk of the court.

Mr. Justice Gary, in delivering the opinion of the court in Washington Park Club v. Baldwin, 59 Ill. App. 61, said:

"Can a paper, purporting to be a motion in a cause, filed with the clerk of the court without notice to anybody interested, and which, so far as the record shows, may never have come to the knowledge of the court or opposing counsel, be a motion that stops proceedings, and which may thereafter be exhumed, and be held to be sufficient cause for undoing all that, except for that paper, was regularly done? That such a paper is not a motion, is old law. (Prall v. Hunt, 41 Ill. App. 140.) * * * Making out and filing an application is not to make a motion. The attention of the court must be called to it."

We entirely agree with the conclusion that secretly filing such a paper with the clerk of the court is not making a motion in a case.

. In the case at bar, the paper filed with the clerk of the court below and marked "Motion for new trial," was not, so far as the record shows, called to the attention of the court, or the opposing counsel or party, until the sixteenth term of the court after it was filed. We are in full accord with the holding by the trial judge that the mere filing of that paper "was not sufficient and did not constitute the making of a motion for a new trial," within the meaning of the statute, or the rules of the trial court. It follows that in our opinion the trial court did not err in denying the motion of August 15, 1899, wherein that court "was asked to hear arguments on the purported motion for a new trial."

If the court had granted that motion, then the question would have been, shall the motion for a new trial be allowed. The sustaining of a motion for a new trial could not have availed to aid the appellant. The judgment had been entered many terms before. No appeal therefrom had been prayed and allowed at the term at which it was rendered, and none could ever be prosecuted. Guyer v. Wilson, 139 Ill. 392, 399.

There was no motion by appellant to vacate or set aside the judgment. But even if the court erred in denying appellant's motion, it was a harmless error. If granted, it would have been fruitless.

The order and judgment of the Superior Court appealed from, is affirmed.