## The Brunswick-Balke-Collender Company v. Adolph Nix.

### Gen. No. 13,601.

1. JURISDICTION—*what waives right to object to.* Jurisdiction to reinstate a cause after dismissal is waived where it appears that the defendant, after the reinstatement, entered into a stipulation providing for the passing of the cause, went to trial, examined and cross-examined witnesses, introduced testimony, argued the case, etc.

2. EVIDENCE—*when admission of, erroneous, in action for personal injuries.* Testimony descriptive of a plug is not competent, and its admission is ground for reversal where it does not appear that the plug described was the one claimed as the cause of the injury in suit.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed and remanded. Opinion filed January 28, 1908. Rehearing denied February 11, 1908.

**Statement by the Court.** This is an action to recover for personal injuries. Appellee was in the employ of appellant and was operating an automatic turning lathe used for boring stoppers. While so engaged, a plug which held a small bit for boring, became detached and flew off, striking plaintiff in the eye. He states that at the time he was hurt he "was reaching over to get another stopper and the bit and plug flew out and hit me in the eye."

These stoppers are used upon wires, holding counters, of button-like shape, usually strung over billiard tables for use of the players in keeping count during

a game. The stoppers are placed on the wires to stop the counters within prescribed limits. In order to keep the stoppers in position on the wire a small hole was bored in its side to receive a thumb screw by which it is fastened to the wire and kept in position. Appellee was boring these holes when injured.

The boring was done by a small steel bit attached to a wooden plug which is inserted in a hole in the end of a spindle. When the machine is in motion the spindle, including the plug and bit, revolve rapidly, and the bit bores a small hole extending to the center of the stopper, which is held against the bit by the operator. Appellee had done this boring on a number of former occasions. The day before the accident he used the same bit most of the forenoon and about four hours the day following, when the accident occurred. There is evidence tending to show that this was not the first time the plug had come out when appellee was using the machine in boring. The same thing had occurred three or four times before and on these occasions the plug had fallen or been thrown harmlessly on the floor. On such occasions it had been replaced for appellee by the same man who put it in and replaced it for him when it came out while appellee was using the machine the day before the accident.

The cause was submitted to a jury which found in favor of appellee and assessed his damages at $5,000. Judgment was entered accordingly, from which this appeal is prosecuted.

JOHN BARTON PAYNE, F. J. CANTY and J. C. M. CLOW, for appellant.

B. J. WELLMAN, for appellee; ARTHUR A. HOUSE, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant, first, that

the court entirely lost jurisdiction of the cause when
it had been called for trial, dismissed for want of pros-
ecution and the Superior Court had refused to vacate
the order of dismissal. After such dismissal and upon
the same day the motion to reinstate was made before
another judge of the same court. The motion was
continued to the next term and some months after-
ward, several terms having intervened, the order of
dismissal was vacated. We are of opinion, however,
that defendant having subsequently submitted to the
jurisdiction of the court, having entered without reser-
vation into a stipulation with appellee's attorneys, in
accordance with which the case was passed to be
taken up on five days' notice, having subsequently
gone to trial examined and cross-examined witnesses,
introduced testimony, argued the cause before the
jury, requested instruction from the court, submitted
a motion for a new trial and taken what steps were
deemed necessary in defending upon the merits, it
must be held that whatever right of objection it may
have had to the court's jurisdiction has been waived.
Prall v. Hunt, 41 Ill. App. 140; Herrington v. Mc-
Cullom, 73 Ill. 476-479.

It is urged that the plaintiff assumed the risk of
injury in the operation of the machine, that such risk
was entirely open and obvious, that he was familiar
with the plug and all the conditions and knew the plug
was liable to work loose because it had done so three
or four times while he was using it. It is further con-
tended that defendant was not guilty of negligence
and that there were errors in the admission of testi-
mony.

In the view we are compelled to take of the admis-
sion of certain testimony material to the issues, we
need not consider at length other questions presented.
The negligence charged in the original declaration is
that the bit was negligently attached and fastened to
the revolving shaft. Subsequently six additional
counts were filed, in which the negligence averred is,

first, that plaintiff was furnished with unsuitable, improper and unsafe tools; second, that he was a minor and was not properly cautioned, warned and instructed as to hidden and latent defects and dangers in the machine; third, that he was negligently ordered to work with a bit or appliance out of repair and unsafely and insecurely fastened; fourth, that the bit, tool or appliance was carelessly, negligently and improperly constructed; fifth, that steam power was negligently applied with unnecessary and excessive force, causing the bit to be detached and thrown against plaintiff; and sixth, the defendant so carelessly ran and operated the machine that by such negligence the bit, tool or appliance was detached and thrown against the plaintiff, causing the injuries complained of. In his testimony the plaintiff stated that the plug he was using to which the boring bit by which he was injured was attached had a shaft which was only half an inch in length from its "shoulder" and that it was inserted in the spindle or shaft only half an inch. It is evident this testimony had an important bearing on the question of defendant's alleged negligence in the use of the plug in question. Appellee testifies that he obtained the plug himself from a box, took it to the foreman, telling the latter he had to do some boring, that the foreman told appellee to get a certain employe who would put the plug in for him, that this was done, that the plug "went into the shaft about half an inch," and that on each occasion when he was boring he used the same plug. There is evidence tending to show that plugs were in common use for the same purpose and in the same way as the one in question. The plug was "hammered into" the place in which it was inserted in the spindle or shaft. These plugs were made by one of the employes of the defendant. The hole in which the plug was inserted is said by one of appellee's witnesses to have been about 2½ inches in depth, and this witness who says he thinks he made the plug in question states

that "it was about $1\frac{1}{2}$ or $1\frac{3}{4}$ inches long," that "the part of the plug that projected into the shaft was about half an inch or five-eighths inches long, something like that." He states on cross-examination that "we used to make those plugs about $2\frac{1}{4}$ inches long. I made them so they would fit in this hole." The man who set the plug in question for appellee and testified in his behalf says the plug was "about $2\frac{1}{2}$ inches long," and that it projected into the lathe "about an inch and a quarter or an inch and a half." The same witness states that he gave plaintiff instructions pertaining to the use of the plug. There was therefore manifest discrepancy in the evidence introduced in behalf of plaintiff as to the depth to which the plug in question was inserted in the spindle. In order apparently to corroborate plaintiff in his statement that it was inserted in the hole only half an inch, plaintiff's brother and father were called as witnesses. The former states that he saw a "wooden plug containing a bit" which was brought to the plaintiff's home after the accident by someone unknown to him, and that "the part which entered the shaft was a half inch." This testimony was admitted over defendant's objection. A motion to strike it out was denied and exceptions were preserved. The father of the plaintiff was then put on the stand and was permitted in like manner, over objection, to describe the plug which he states he also saw at his home, and which he says extended into the shaft half an inch. The admission of this testimony was clearly erroneous and the error was, we think, material. The plug which these witnesses described was in no way identified and there was no evidence even tending to show that it ever was used in the machine in question, much less that it was the plug containing the bit by which the plaintiff was injured. There was evidence in behalf of defendant tending to contradict plaintiff's evidence as to the plug and to show that these plugs were inserted in the shaft from about an inch and a half or two inches to

two and a half inches, instead of only half an inch as plaintiff now states, though he apparently testified differently on a former occasion. The jury might readily suppose when the court permitted the introduction of the testimony of the two witnesses referred to that it was on the presumption they were testifying from personal examination of the identical plug which caused the accident, when in fact there is no warrant for any such presumption in the record; not even in plaintiff's testimony that the last time he saw the plug and bit which hit him was at his home when it was brought there by a man whom he don't know. The evidence objected to was incompetent from any view and its admission was, we think, reversible error.

The judgment of the Superior Court must be reversed and the cause remanded.

*Reversed and remanded.*