## The People of the State of Illinois ex rel. James A. Campbell, Appellee, v. J. J. Taxman, Appellant.

### Gen. No. 5,871.

1. INTOXICATING LIQUORS, § 34*—*when ordinance does not require petition on application for license.* Under an ordinance requiring an application for a saloon license, to be accompanied with a petition signed by property owners but not requiring the filing of such petition, where a place was conducted as a saloon at the time the ordinance was adopted, unless the place then used for saloon purposes was vacant and abandoned for such use for seven months, *held* that a person conducting a saloon at the time of the adoption of the ordinance was entitled to a license without filing a petition, where he made application before seven months expired, though the mayor failed to issue the license until after the expiration of such time.

2. QUO WARRANTO, § 46*—*sufficiency of pleas setting up right to saloon license.* On information in the nature of a quo warranto to require a saloon keeper to show by what warrant he exercised his license, *held* that a demurrer to pleas filed by the respondent setting up facts showing his right to a license on an ordinance was properly sustained to all of the pleas except one.

3. QUO WARRANTO, § 46*—*when pleading ordinance, etc., by reference sufficient.* On information in the nature of quo warranto against a saloon keeper requiring him to show by what warrant he exercised his license, a plea, instead of setting out ordinances, bonds and license, referred to former pleas therefor. *Held* that such was not model pleading but permissible.

4. INTOXICATING LIQUORS, § 31*—*when applicant for license must be in possession of premises.* Where ordinances require an applicant for a saloon license to state in his application his place of business, it is necessary that the applicant shall be in possession of the premises when he makes the application.

5. APPEAL AND ERROR, § 784*—*what writings must appear in bill of exceptions.* On appeal from a judgment on information in the nature of quo warranto, certain written objections, motions and affidavits *held* no part of the record, unless made so by a bill of exceptions.

Appeal from the Circuit Court of Rock Island county; the Hon. ROBERT W. OLMSTED, Judge, presiding. Heard in this court at the October term, 1913. Affirmed in part, reversed in part and remanded with directions. Opinion filed April 15, 1914.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

McEniry & McEniry and J. T. & S. R. Kenworthy, for appellant.

Floyd E. Thompson, Connelly & Connelly and Searle & Marshall, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

On January 8, 1913, the People, by the State's Attorney on the relation of James A. Campbell, by leave of court filed in the Circuit Court of Rock Island county an information in the nature of quo warranto against J. J. Taxman, requiring him to show by what warrant he exercised the license of keeping a saloon at No. 3106 Fifth avenue, in the city of Rock Island, which the information averred that he was keeping without any lawful license. The respondent filed four pleas, to which a demurrer was sustained, and then, by leave of court, amended said pleas and filed two additional pleas, to all of which pleas demurrers were sustained. He abided by said pleas and there was a judgment of ouster, from which he prosecutes this appeal.

Pursuant to section 81 of the Practice Act, as amended in 1911 (J. & A. ¶ 8618), appellant filed a *praecipe*, by which he directed the clerk to make up a record containing the information, pleas, demurrers, judgment and appeal. Appellee filed a *praecipe*, directing the inclusion of objections filed by appellant to the filing of the information, and an affidavit filed therewith, and a certain motion by appellant to vacate the leave to file the information, and an affidavit filed therewith, appellant's election to stand by his pleas and the relator's motion for judgment. The record filed in this court contained all the matter required by each *praecipe*. Appellant moved to strike from the record all the papers inserted by direction of appellee and we took that motion with the case. Said papers were not made a part of the record by any bill of exceptions. Very many cases in the Supreme and

Appellate Courts of this State hold that such papers are not a part of the record, unless made so by a bill of exceptions. *Town of Scott v. Artman,* 237 Ill. 394, is a recent example. Appellee, however, argues that in said written objections and motion, as filed, appellant expressly made said affidavits a part thereof, and that said objections and motion are pleadings, and that all pleadings are a part of the record without a bill of exceptions, and that therefore these affidavits are a part of the record. The proper contents of a common-law record are stated by McAllister, J., in *Van Cott v. Sprague,* 5 Ill. App. 99, and we collected other authorities on the subject in *Burke v. Chicago & N. W. R. Co.,* 108 Ill. App. 565. They do not include written motions and affidavits unless made a part of the record by a bill of exceptions. We hold that such objections and motions have none of the qualities of common-law pleadings. The filing in the office of a clerk of a court of a paper purporting to be a motion is not a motion, unless brought to the attention of the court. *City of Marengo v. Eichler,* 245 Ill. 47; *City of Decatur v. Barteau,* 260 Ill. 612. Even then it can only be preserved by a bill of exceptions. *People v. Ellsworth,* 261 Ill. 275; *Chicago, B. & Q. R. Co. v. Haselwood,* 194 Ill. 69; *Radeke Brewing Co. v. Granger,* 101 Ill. App. 599. The documents incorporated in appellee's *praecipe* were lengthy papers filed with the clerk, stating many objections to the leave to file the information and many reasons why the order giving that leave should be vacated. The matters written up by the clerk in his record are the things which were actually before the court, and that record is all that there is before the court now on that subject, in the absence of a bill of exceptions. The record, so written by the clerk, does not incorporate these affidavits. If the clerk had undertaken to incorporate them in his written record, that act would have been a nullity. In an action at law, no one but the trial judge has power to certify what affidavits were presented to him in sup-

port of these objections and of that motion. These affidavits, therefore, are no part of the record. The affidavits tend to show that this is a controversy between rival saloon keepers, and that the vital result will be to determine what brew of beer shall be sold at retail in that locality. But the purpose of appellee in desiring to get these affidavits into the record is because he claims that there is an inconsistency between certain allegations in the affidavits and certain allegations in the pleas, from which he argues that there are sham pleas, and that because thereof the demurrer was properly sustained. We grant the motion to strike from the record said objections and motion and affidavits, but deny it as to other matters contained in said *praecipe*. There is therefore nothing in the record to show that these are sham pleas.

There have been in force in Rock Island two ordinances concerning saloons, one adopted April 16, 1903, and the other August 18, 1910. The latter alone is relied upon in the first plea and both are relied upon in other pleas. The ordinances divided the license year into two periods, one from the first Monday of May to the first Monday of November, and the other from the first Monday of November to the first Monday of May, and fixed a license fee for a whole year and one-half thereof for each period. This seems to be approved in *Hoyt v. McLaughlin*, 250 Ill. 442, 451. The application by appellant for a license was for the period ending the first Monday of May, 1913. The ordinances required the application to be accompanied by a petition, signed by a majority of the property owners on each side of the street within a certain distance from the front door of the premises for which it was proposed to issue a license, and also required that every application should be published in a newspaper for a certain length of time. Appellant did not have a petition and did not give such notice. The ordinances did not make these requirements as to any place where at the time such ordinance was adopted a saloon was

being conducted under a license already issued, but provided that if any place then used for saloon purposes and vacant and abandoned for said use and so remained for more than seven months, then it should be necessary to file the petition of property owners. These pleas alleged that No. 3106 Fifth avenue in said city was occupied as a saloon under a license when each ordinance went into effect and from thence continuously until the first Monday of May, 1912, and that appellant made application to the mayor for a license to keep a saloon at that place on November 19, 1912, which was less than seven months after the first Monday of May, 1912, and that he filed therewith the bond required by the ordinances and the bond required by the statute, and that he possessed the requirements and had paid the fee fixed by the ordinance, and that the mayor, on January 13, 1913, issued to him a license to keep a saloon at that place from that date to the first Monday of May, 1913, and that it was a mistake of the mayor not to date the license back to November 19, 1912; and each plea set up that at the time the information was filed he was exercising the right to keep a saloon at that place by virtue of said license so obtained.

We think it a true construction of the ordinances that if the premises were occupied continuously as a saloon under licenses from the city from a period prior to the adoption of said respective ordinances and until the first Monday of May, 1912, and if, on November 19, 1912, appellant applied for a license to keep a saloon there and complied in every respect with the ordinances and the statute, then the mere fact that the mayor failed to issue a license until after the seven months had expired would not defeat appellant's right to a license and to keep a saloon thereunder after a license was issued; and though the averments of the amended pleas are criticized in various respects, yet we are of opinion that they allege a substantial compliance with the ordinances and the law,

except as hereinafter stated. The first amended plea does not aver that appellant was in possession of the premises, or had the right of possession thereof, on November 19, 1912, nor at any time during the period of seven months after the first Monday of May, 1912, nor that a saloon was run upon said premises under a license at any time during seven months after the first Monday of May, 1912. The plea must be construed most strongly against the pleader and we must therefore take the plea to mean that he was not in possession and did not have the right of possession on November 19, 1912, nor at any time within seven months after the first Monday of May, 1912. The ordinances required the applicant to state in his application his place of business. It was obviously not intended that a person, who did not own or occupy the place where it was proposed to operate a saloon, could obtain a license to keep a saloon there and, after obtaining a license, endeavor to make arrangements with the owner or occupant to obtain possession for that purpose. We are satisfied it is the spirit of the ordinances that the applicant shall be in possession of the premises when he makes the application. Because of that defect in the first amended plea, we are of opinion that it is insufficient. The same objections exist to the second amended plea. The third amended plea avers that appellant was the owner of the premises on November 19, 1912, but does not aver that he was in possession thereof or had the right of possession thereof at that time. We must infer, against the pleader, that some one else was in possession. We hold this plea also defective for the same reason. The fourth amended plea avers that appellant was the owner and in possession of said premises on November 19, 1912, and from thence until the time this information was filed. The plea is peculiar in that instead of setting out the ordinances it refers to the former pleas therefor, and the same course is pursued as to the bonds and the license. This is certainly not a

model of pleading, yet this course was permitted, though hardly approved, in *Lake Shore & M. S. Ry. Co. v. Hessions,* 150 Ill. 546, on pp. 556 to 559, and in *Consolidated Coal Co. of St. Louis v. Schneider,* 163 Ill. 393. It was approved in *Columbian Accident Co. v. Sanford,* 50 Ill. App. 424, and by this court in *Fraternal Tribunes v. Hanes,* 100 Ill. App. 1. It is within the rule laid down in 1 Chitty Pl. 413. We therefore hold the fourth amended plea good. The first additional plea avers that on November 19, 1912, and from thence to the time of the filing of the information, appellant had the legal right to the possession and had the actual possession through his tenants, and that, if the mayor had issued him a license, he could and would have opened a saloon at said place immediately upon the issuing of the license and within seven months after the first Monday of May, 1912. We are of opinion that under these ordinances a landlord cannot lawfully ask for a license when he is not in possession of the premises, and that this plea is bad. The second additional plea averred that on November 19, 1912, appellant was the owner and in possession of said premises and so continued until the time of the filing of the information. This language of the plea was then qualified by the allegation that on November 19, 1912, and every day thereafter, appellant had the legal right to the actual possession of said premises and did have the actual possession thereof through his tenants, and that, if the mayor had issued to him a license, he could and would have opened a saloon at said place immediately and within seven months after the first Monday of May, 1912. These inconsistent averments must be construed against the pleader, and the plea means that tenants were in possession when he made this application, and that he had some arrangement with them by which he expected they would surrender the possession to him, if he obtained the license. We are of opinion that under such circumstances he was not entitled to a license when he applied therefor on November 19, 1912.

The ruling of the court upon the demurrer is approved as to all the pleas, except the fourth amended plea. The judgment is reversed at the cost of the relator, and the cause is remanded with directions to overrule the demurrer to the fourth amended plea.

*Affirmed in part, reversed in part and remanded with directions.*