The People of the State of Illinois, Defendant in Error, v. Samuel Wade et al., Plaintiffs in Error.

Gen. No. 8,060.

Heard in this court at the May term, 1929.　Opinion filed May 3, 1930. Rehearing denied June 24, 1930.

GEORGE W. SPRENGER and C. B. CHAPMAN, for certain plaintiff in error.

RUSSEL O. HANSON, State's Attorney, for defendants in error; C. E. JACOBSON and A. E. CLAUS, of counsel.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

On May 7, 1925, one Samuel Wade was tried in the circuit court of LaSalle county on an indictment charging robbery with a dangerous weapon, was convicted and sentenced to the penitentiary at Joliet. A writ of error was sued out by Wade and it was ordered that such writ of error be made a supersedeas, upon Wade entering into bond in the sum of $20,000 with Fred Farischon, Louis Friedrich and plaintiff in error as

sureties, conditioned that Wade ''shall personally be and appear at the next term of the circuit court of LaSalle county, and at each subsequent term of said court on the first day thereof until the determination of said writ,'' etc. Said bond given to the warden of the penitentiary of Joliet, was by him filed with the circuit clerk of LaSalle county, and was entered of record as provided by statute. The judgment of the circuit court was affirmed, a rehearing was denied, and the remanding order was filed with the clerk of said circuit court. Thereafter Wade having failed to surrender himself to said warden, the State's Attorney of LaSalle county moved the court for a forfeiture of said bond, supporting said motion by an affidavit setting forth in substance the proceedings theretofore had in said cause and the failure of Wade to surrender himself in compliance with the terms of said recognizance.

On December 8, 1928, said circuit court entered an order defaulting Wade, plaintiff in error and the other sureties and declaring said recognizance forfeited. A scire facias, to show cause, etc., was issued, returnable as provided by statute.

On January 9, 1929, said writ was returned not found as to plaintiff in error and the other of said parties. On January 12, the following purported motion was filed with the clerk of said court:

''Now comes Samuel Wade, Henry Fritzinger, Fred Farischon and Louis M. Friedrich, by their attorney, George W. Sprenger, and enter a special and limited appearance solely for the purpose of the following motion:

''Now come Samuel Wade, Henry Fritzinger, Fred Farischon and Louis M. Friedrich and move the court to dismiss the scire facias and quash the return thereon for the following reasons: This court has not jurisdiction of the said subject matter, for the reason that the bail bond complained of was taken by and made to

the warden of the penitentiary at Joliet, Will county, Illinois, and, therefore, the circuit court in LaSalle county has not jurisdiction of the subject matter.''

On January 22, an order was entered, defaulting Wade, plaintiff in error and the other of said sureties, and judgment was rendered against them for the sum of $20,000 and costs. To reverse said judgment, this writ of error is prosecuted.

It is first insisted by plaintiff in error that, while said order of January 22 recites the coming on limited appearance of Wade, plaintiff in error and the other of said sureties, on the motion to quash the writ of scire facias, etc., that said parties did not in fact appear and that no notice had been given them of the application for said forfeiture, in violation of the following rule, of said court:

''No motion will be heard or order made in any cause, except motions of course, without written notice thereof having been served upon the opposite party before four o'clock p. m. of the day preceding the day mentioned in the notice for calling such motion.''

In answer thereto, defendants in error concede that no notice was given, but contend that this was a ''motion of course,'' and that such motions are excluded from said rule. This point is well taken. See *Stanton v. Kinsey,* 151 Ill. 301–306.

It may be further observed that said motion was not brought to the attention of the court by plaintiff in error. The filing of a purported motion with the clerk does not amount to a motion, unless the same is brought to the attention of the court, so that it becomes a part of its proceedings. *City of Marengo v. Eichler,* 245 Ill. 47–49; *City of Decatur v. Barteau,* 260 Ill. 612–615; *Prall v. Hunt,* 41 Ill. App. 140, 141; *Washington Park Club v. Baldwin,* 59 Ill. App. 61–63; *People v. Taxman,* 186 Ill. App. 348–350.

Plaintiff in error does not contend that said motion was made in court, but calls attention to the order entered on January 22, which recites the coming of Wade, plaintiff in error and the other of said sureties on limited appearance, etc. The record discloses that on the day the order was made, the State's Attorney called the attention of the court to said written motion. That, however, would not amount to a motion by plaintiff in error in court, as contemplated by the above authorities, and does not aid plaintiff in error in his contention.

Even though it be conceded that plaintiff in error was entitled to notice and an opportunity to be heard, he was afforded that opportunity on the hearing of the following motion made by him on February 9:

"And now comes C. B. Chapman, an attorney of this court, and enters his special appearance herein for the defendant, Henry Fritzinger, for the purpose of moving the court to recall and quash the execution issued in said cause, to set aside and vacate the default entered against said Henry Fritzinger, and to set aside and vacate the order and judgment entered herein on January 22, 1929, as to said Henry Fritzinger."

A hearing was had on this motion, and the motion was denied. Such motion was broad enough to bring before the court the propriety of the order of January 22. Plaintiff in error is therefore not in a position to insist that he has not had a hearing on his motion. *Farmer v. Fowler,* 288 Ill. 494–501.

The law further is that, to warrant the setting aside of a default or the vacation of a judgment, the party seeking the same must show a meritorious defense. *Culver v. Brinkerhoff,* 180 Ill. 548–553; *Eggleston v. Royal Trust Co.,* 205 Ill. 170–178; *Farmer v. Fowler, supra,* 500. The only ground set forth in the motion to dismiss the scire facias and to quash the return thereon was "that the bail bond complained of was taken

by and made to the warden of the penitentiary at Joliet, Will county, and therefore the circuit court of LaSalle county has not jurisdiction of the subject matter.''

Cahill's St. ch. 38, ¶ 834, provides:

''If the prisoner is in custody of the sheriff, he shall take the recognizance; if in custody of the warden of the penitentiary, he shall take the recognizance; in either case the recognizance shall be returned to the next term of the court in which the prisoner was sentenced, and there entered of record, and such proceedings may be had thereon, in case of breach of the conditions thereof, as in other cases of recognizance.''

So far as the provisions of the statute are concerned, and so far as has been pointed out, the State's Attorney of LaSalle county brought the matter of said forfeiture to the attention of the proper court, the only court that had jurisdiction to act in the premises.

That there is no merit in said motion is practically conceded. Counsel for plaintiff in error in his brief and argument, states: ''He may not have been able to sustain his motion, but he was entitled to be heard. If the motion was overruled, he could then plead that Wade had in fact surrendered, that he was deceased, or some other valid reason why he had not surrendered, and why the conditional judgment should not be made a permanent judgment and an execution awarded.''

On the hearing in question George W. Sprenger, one of the attorneys for plaintiff in error, testified: ''I don't know where the defendants are now. I have not seen them, or been in correspondence with them in any way, by letter, message nor by phone. I have no intimation or knowledge where these defendants are at the present time, and I will say this, I have detectives checking them up now to find out where they are, and I will say further to the court as soon as they are caught they will be produced right here, too.''

When said remanding order was filed in the circuit court, it was the duty of Wade to at once surrender himself to the warden of the penitentiary at Joliet; if he did not do so, it was the duty of plaintiff in error and the other of his sureties to so surrender him. Failing therein, the court was warranted in forfeiting the recognizance, and it was not necessary that notice be given to Wade or his sureties.

We have carefully examined the record in connection with the grounds urged by plaintiff in error for a reversal of said judgment and are clearly of the opinion that there is no merit in any of the grounds urged. For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*